UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HARVEY DURANSEAU, | Case No. 13-CV-0955 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | |
| Defendant. | |

Matthew J. Gilbert, GILBERT LAW OFFICE PLLC, for plaintiff.

Jennifer M. Robbins and Barry M. Landy, ROBINS, KAPLAN, MILLER & CIRESI LLP, for defendant.

Plaintiff Harvey Duranseau alleges that defendant Portfolio Recovery Associates, LLC ("PRA") called him numerous times over the course of several months in an attempt to collect the debt of someone else (a debtor named Thomas Duranseau).  Duranseau claims that PRA's conduct violated multiple provisions of the Fair Debt Collection Practices Act ("FDCPA" or "Act"), 15 U.S.C. §§ 1692 et seq.  In an order dated May 7, 2014, Magistrate Judge Leo I. Brisbois denied Duranseau's motion to amend his complaint to add claims under §§ 1692b and 1692c(b) of the Act.  Judge Brisbois found that only a "consumer" (as that term is defined in the Act) can sue under §§ 1692b and 1692c(b), and that Duranseau is not a "consumer."  Duranseau objects.  He concedes that he is not a "consumer" for purposes of the FDCPA, but he argues that he can nevertheless pursue claims under §§ 1692b and 1692c(b).

A magistrate judge's ruling on a nondispositive motion may be reversed only if it is "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a).  Having

reviewed Judge Brisbois's order and the parties' submissions, the Court finds that the order is neither clearly erroneous nor contrary to law.  The order is therefore affirmed.

As noted, Duranseau objects to Judge Brisbois's holding that only "consumers" (as that term is defined in the FDCPA) can assert claims under 15 U.S.C. §§ 1692b and 1692c(b).  Sections  1692b and 1692c(b) regulate a debt collector's ability to communicate with third parties about the debt of a "consumer."  The FDCPA generally defines "consumer" as "any natural person obligated or allegedly obligated to pay any debt."  15 U.S.C. § 1692a(3).  For purposes of § 1692c, the definition of "consumer" is expanded to include "the consumer's spouse, parent (if the consumer is a minor), guardian, executor, or administrator."  15 U.S.C. § 1692c(d).  Duranseau does not object to Judge Brisbois's finding that he is not a "consumer" for purposes of §§ 1692b and 1692c(b).  Instead, Duranseau contends that, as a third party with whom PRA communicated about someone else's debt, he may bring claims against PRA under §§ 1692b and 1692c(b).

Duranseau specifically argues that, under 15 U.S.C. § 1692k(a), "any person" — not just "any consumer" — may pursue a claim under any provision of the FDCPA.  But for a litigant to have authority to sue under § 1692k(a), a debt collector must have violated a provision of the FDCPA that protects the rights of that litigant.  *See id.* ("any debt collector who fails to comply with any provision of this subchapter *with respect to any person* is liable *to such person*" (emphasis added)).  In other words, a person may sue under § 1692k(a) only if that person has been deprived of a right that he or she has under the FDCPA.  For this reason, courts have found that, when a provision of the FDCPA provides rights only to "consumers," only "consumers" may sue for a violation of that provision.  *See Dunham v. Portfolio Recovery Assocs., LLC*, 663

F.3d 997, 1001 (8th Cir. 2011) (to survive summary judgment on a claim under 15 U.S.C.

§ 1692g, plaintiff must offer sufficient evidence that he is a "consumer"); *see also Richmond v.*

*Higgins*, 435 F.3d 825, 828 (8th Cir. 2006) ("Several sections of the FDCPA restrict the scope of

its application by including the word 'consumer' in the text. *See, e.g.*, 15 U.S.C. §§ 1692g,

1692f(7), (8).") .

Duranseau does not really disagree with this analysis.  Instead, he argues that, because

§§ 1692b and 1692c(b) regulate communications with third parties about the debt of a consumer,

those provisions protect not just the rights of consumers, but also the rights of third parties.  The

Court disagrees.  As other courts have found, §§ 1692b and 1692c(b) are "clearly intended to

protect the rights of the consumer rather than the rights of third parties."  *Bank v. Pentagroup*

*Fin., LLC*, No. 08-5293, 2009 WL 1606420, at *4 (E.D.N.Y. June 9, 2009).  This is evident from

the fact that consumers can give debt collectors permission to communicate with third parties in

ways that would otherwise violate § 1692c(b).[1]  If §§ 1692b and 1692c(b) were intended to

protect the rights of third parties, it would not make sense to give consumers the unilateral ability

to waive those rights — that is, to waive the rights of *someone else*.

The Court's conclusion is further bolstered by 15 U.S.C. § 1692c(d), which (as noted

above) expands the FDCPA's general definition of "consumer" so that, for purposes of § 1692c,

"consumer" also includes the consumer's spouse, parent (if the consumer is a minor), guardian,

executor, or administrator.  If, as Duranseau argues, § 1692c(b) protects the rights of third

---

[1]Section 1692c(b) provides that ". . . *without the prior consent of the consumer* given
directly to the debt collector . . . a debt collector may not communicate, in connection with the
collection of any debt, with any person other than the consumer, his attorney, a consumer
reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the
attorney of the debt collector."  (Emphasis added.)

parties, then there would be no reason to expand the definition of "consumer" in order to ensure that *particular* third parties (such as the consumer's spouse) are protected under § 1692c(b).  If Duranseau's reading of § 1692c(b) were correct, those third parties — as well as all other third parties — would already be protected by § 1692c(b).  Section 1692c(d) would serve no purpose. As the Eighth Circuit has warned, "courts should not interpret one provision [of a statute] 'in a manner that renders other sections of the same statute inconsistent, meaningless, or superfluous.'"  *Cody v. Hillard*, 304 F.3d 767, 776 (8th Cir. 2002) (quoting *United States v. Fiorillo*, 186 F.3d 1136, 1153 (9th Cir.1999)).

The Court's holding that §§ 1692b and 1692c(b) protect only consumers and not third parties does not mean that debt collectors are free to harass third parties.  For example, § 1692d provides that "[a] debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." Thus, if a debt collector harassed a third party while attempting to collect the debt of a consumer, that third party could sue the debt collector under § 1692d.  *See Bank*, 2009 WL 1606420, at *5. But because §§ 1692b and 1692c(b) protect only consumers, and because Duranseau does not contend that he is a "consumer," the Court agrees with Judge Brisbois that Duranseau may not bring claims under §§ 1692b and 1692c(b).  Judge Brisbois's order is therefore affirmed.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS

HEREBY ORDERED THAT plaintiff's objection [ECF No. 72] is OVERRULED and Judge

Brisbois's May 7, 2014 order [ECF No. 71] is AFFIRMED.

Dated: July 7, 2014                          s/Patrick J. Schiltz
                                             Patrick J. Schiltz
                                             United States District Judge