UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| HARVEY DURANSEAU, | Case No. 13-CV-0955 (PJS/LIB) |
| Plaintiff, | |
| v. | ORDER |
| PORTFOLIO RECOVERY ASSOCIATES, L.L.C., | |
| Defendant. | |

Matthew J. Gilbert, GILBERT LAW OFFICE PLLC; and Charlie R. Alden, ALDEN LAW OFFICES, for plaintiff.

Jennifer M. Robbins and Amira A. ElShareif, ROBINS, KAPLAN, MILLER & CIRESI L.L.P., for defendant.

Plaintiff Harvey Duranseau sued defendant Portfolio Recovery Associates, LLC ("PRA"), alleging that PRA violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 et seq., violated various Minnesota statutes, and committed various torts when it repeatedly called him to demand that he pay the debt of a "Thomas Duranseau." PRA moved for judgment on the pleadings, and the Court granted the motion in part, narrowing Duranseau's claims to the following: (1) a claim that PRA violated §§ 1692d and 1692d(5) by repeatedly and continuously calling with the intent to annoy, abuse, or harass; (2) a claim that PRA violated §§ 1692d and 1692d(2) and intentionally inflicted emotional distress by using obscene or profane language during a

phone call on or about December 28, 2012; and (3) a claim that PRA violated § 1692g(a) by failing to timely send the prescribed written notice after its first communication with Duranseau. ECF No. 43.

Following discovery, both parties moved for summary judgment on Duranseau's remaining claims. ECF Nos. 97, 104. The Court denied the motions, except the Court agreed with PRA that Duranseau's §§ 1692d and 1692d(5) claim was barred by the FDCPA's statute of limitations (§ 1692k(d)) insofar as that claim related to phone calls made more than one year before Duranseau filed this lawsuit. ECF No. 118 at 2. The Court also ordered supplemental briefing on two issues regarding Duranseau's § 1692g(a) claim:

> 1. Is plaintiff's § 1692g(a) claim barred by the statute of limitations, given that plaintiff swears that defendant's "initial communication" with him about the debt occurred no later than March 25, 2011 (*see* ECF No. 105 at ¶¶ 3-4, 7)?
>
> 2. Assuming that defendant's "initial communication" with plaintiff about the debt occurred on March 25, 2011, to whom and to what address was defendant obligated to send the "written notice" required by § 1692g(a)?

ECF No. 118 at 2.

After reviewing the supplemental briefs submitted by the parties, ECF Nos. 116, 117, the Court now concludes that neither party is entitled to summary judgment on

Duranseau's § 1692g(a) claim. That claim will be tried to a jury, along with Duranseau's two other claims.

## I. STANDARD OF REVIEW

Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute over a fact is "material" only if its resolution might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255.

## II. STATUTE OF LIMITATIONS

Section 1692g(a) requires that, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt," a debt collector must send a written notice to the consumer identifying the amount of the debt and the name of the creditor to whom the debt is owed and providing specific information about the consumer's rights under the FDCPA. Duranseau's account of PRA's alleged phone calls has been a bit of a moving target, but, according to Duranseau's most recent sworn statement, PRA first called him on March 25, 2011. ECF No. 105 ¶¶ 3-4, 7. Duranseau

alleges that PRA violated § 1692g(a) because it failed to send the required notice to him within five days of March 25, 2011.

When it moved for summary judgment on Duranseau's § 1692g(a) claim, PRA did not argue that the claim was barred by the statute of limitations. This puzzled the Court. The FDCPA requires that a claim be brought "within one year from the date on which the violation occurs." § 1692k(d). According to Duranseau, PRA violated § 1692g(a) when it failed to send him the required written notice by March 30, 2011. Thus, it would appear that this alleged violation occurred no later than March 30, 2011. Yet Duranseau did not file suit until April 25, 2013—long after the one-year statute of limitations would seem to have expired. Because it appeared to the Court that Duranseau's § 1692g(a) claim was barred by the statute of limitations, the Court asked for supplemental briefing on the issue.

The Court erred in making that request. "[T]he law typically treats a limitations defense as an affirmative defense that the defendant must raise at the pleadings stage and that is subject to rules of forfeiture and waiver." *John R. Sand & Gravel Co. v. United States*, 552 U.S. 130, 133 (2008). The FDCPA's statute of limitations is no exception. *See Kropelnicki v. Siegel*, 290 F.3d 118, 130 n.7 (2d Cir. 2002) (in FDCPA case, statute of limitations is an affirmative defense not to be raised by district court sua sponte); *Marshall-Mosby v. Corp. Receivables, Inc.*, 205 F.3d 323, 327 (7th Cir. 2000) (FDCPA's

statute of limitations is a non-jurisdictional affirmative defense, not reviewable by court of appeals sua sponte). In its answer to Duranseau's second amended complaint, PRA did not plead the statute of limitations as an affirmative defense to any of Duranseau's claims (*see* ECF No. 90 at ¶¶ 43-51), and, as noted, PRA did not argue that Duranseau's § 1692g(a) claim was barred by the statute of limitations when PRA moved for summary judgment. PRA has thus forfeited its statute-of-limitations defense to Duranseau's § 1692g(a) claim.[1]

### III.  NOTICE REQUIREMENT

Again, § 1692g(a) requires that, "[w]ithin five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall . . . send the consumer a written notice" containing certain information, including the amount of the debt, the name of the creditor to whom the debt is owed,

---

[1] By contrast, PRA has not forfeited its statute-of-limitations defense to Duranseau's §§ 1692d and 1692d(5) claim. True, PRA did not plead the statute of limitations as an affirmative defense to any of Duranseau's claims. But a defendant may raise an affirmative defense for the first time on motion for summary judgment, as long as the plaintiff is not unfairly surprised. *See First Union Nat'l Bank v. Pictet Overseas Trust Corp.*, 477 F.3d 616, 622 & n.5 (8th Cir. 2007). Duranseau could hardly claim to be unfairly surprised. In fact, Duranseau appears to have been the first to mention the statute of limitations in connection with his §§ 1692d and 1692d(5) claim, preemptively advancing a continuing-violation theory in a footnote in his memorandum in support of his summary-judgment motion. ECF No. 107 at 14 n.8. After PRA took up the issue in its response, ECF No. 108 at 3-4, Duranseau addressed the issue on the merits in his reply and did not contend that PRA had waived or forfeited the defense, ECF No. 111 at 5.

and specific information about the consumer's rights under the FDCPA. The parties do not seem to dispute that PRA mailed various § 1692g(a) notices in connection with the debt of Thomas Duranseau. The complication is that PRA was making phones calls to *Harvey* Duranseau in Big Falls, Minnesota, but it was mailing the § 1692g(a) notices to *Thomas* Duranseau in Rose City, Michigan. ECF No. 106 Ex. 3 at 3; ECF No. 116 at 12; ECF No. 117 at 8-9. PRA argues that it thought that it was talking to Thomas Duranseau, and thus it acted properly in sending the § 1692g(a) notices to Thomas Duranseau. Duranseau responds that PRA knew that it was not talking to Thomas Duranseau—and that, even if PRA thought that it was talking to Thomas Duranseau, it should be held strictly liable for not sending the § 1692g(a) notices to Harvey Duranseau.

This is an unusual situation, and neither the text of § 1692g(a) nor the case law provides much guidance. As PRA points out, § 1692g(a) requires only that notice be *sent*, not that it be *received*. *See Mahon v. Credit Bureau of Placer Cnty. Inc.*, 171 F.3d 1197, 1201-02 (9th Cir. 1999) (debt collector did not violate FDCPA when it mailed notice to debtors' home in ordinary course of business, though debtors said they never received it). But § 1692g(a) requires notice to be sent to "the consumer." Accordingly, courts have required debt collectors to send the § 1692g(a) notice to a "valid and proper address where the consumer may actually receive it." *Ponce v. BCA Fin. Servs., Inc.*, 467

F. App'x 806, 807-08 (11th Cir. 2012); *Johnson v. Midland Credit Mgmt. Inc.*, No. 1:05 CV 1094, 2006 WL 2473004, at *12 (N.D. Ohio Aug. 24, 2006); *see also Johnson v. CFS II, Inc.*, No. 12-CV-01091-LHK, 2013 WL 1809081, at *9 (N.D. Cal. Apr. 28, 2013); *Nikkel v. Wakefield & Assocs., Inc.*, Civil Action No. 10-cv-02411-PAB-CBS, 2012 WL 5571058, at *12-13 (D. Colo. Nov. 15, 2012); *Rogozinski v. NCO Fin. Sys., Inc.*, Civil Action No. 11-2594, 2012 WL 5287896, at *4-5 (E.D. Pa. Oct. 25, 2012); *Peterson v. PRA, LLC*, Civil No. 09-2707, 2010 WL 2015260, at *3-4 (D.N.J. May 19, 2010), *rev'd on other grounds*, 430 F. App'x 112 (3d Cir. 2011).

The problem in this case is that there are *two* consumers. The FDCPA defines "consumer" to mean "any natural person [1] obligated or [2] allegedly obligated to pay any debt." § 1692a(3). Thomas Duranseau is a "consumer," because he is "obligated" to pay the debt. But Harvey Duranseau is also a "consumer," because PRA representatives "alleged[]" that he was "obligated to pay [the] debt." Specifically, PRA representatives told the person to whom they were speaking—that is, Harvey Duranseau—that *he* was indebted to them. *See, e.g.*, ECF No. 106 Ex. 3 at 10 (PRA representative tells Harvey Duranseau that "[y]ou owe us a negative balance of $344" and asks him to "pay your bill sir").

In the past, when a debt collector has known the identity of the consumer with whom it has communicated, but the debt collector has sent the § 1692g(a) letter to an

incorrect address, courts have essentially held that whether the debt collector is liable for violating § 1692g(a) depends on whether the debt collector's mistake was reasonable.[2] No court, as best as the Court can tell, has ever held that a debt collector is strictly liable for sending a § 1692g(a) notice to an incorrect address (the position advocated by Duranseau). It seems to the Court that this same "reasonableness" principle should apply to the unusual facts of this case.

Suppose, for example, that a debt collector who is trying to collect a debt of *A* calls a phone number that it believes to belong to *A* and speaks about the debt to a person whom it reasonably believes to be *A*, but who is in fact *B*.[3] In this situation, it would make little sense to hold that the debt collector has a legal obligation to send a

---

[2]*See, e.g., Johnson*, 2006 WL 2473004, at *12 ("If the debt collector knows the validation notice was sent to the wrong address, the debt collector has not complied with the plain language of the statute."); *Rogozinski*, 2012 WL 5287896, at *4 ("The cases Plaintiff cites . . . all stand for the notion that a Defendant has not complied with 1692g when it either had the letter returned as undeliverable or *knowingly* has sent the letter to a wrong address."); *Peterson*, 2010 WL 2015260, at *3 ("In order to create a genuine issue of material fact on this point, Defendant would need to come forth with evidence suggesting that there is a reason to suppose that Plaintiff would receive mail sent to the Skyline Road address."); *see also Newton v. PRA, LLC*, No. 2:12-cv-698, 2014 WL 340414, at *11 (S.D. Ohio Jan. 30, 2014) ("While Plaintiff suggests that the notice should have been sent to another address, he does not dispute the evidence submitted by Defendant demonstrating that the notice was sent to his wife's last known address and that the notice was not returned.").

[3]The FDCPA would cover the communication with *B* in this instance, since § 1692a(3) defines "consumer" to include persons "allegedly obligated to pay any debt," even when the allegation is mistaken. *See Dunham v. PRA, LLC*, 663 F.3d 997, 1000-02 (8th Cir. 2011).

§ 1692g(a) notice to *B*.  The debt collector does not even know that *B* exists, much less where *B* lives, and thus it is literally impossible for the debt collector to send a § 1692g(a) notice to *B*.  As long as the debt collector did not have reason to know that it was speaking to *B*, § 1692g(a) does not require the debt collector to send written notice to *B*.

Suppose instead that a debt collector who is trying to collect a debt of *A* calls a phone number that it believes to belong to *A*, but learns in the course of its conversation with the person who answers the phone that it is speaking to *B*.  If the debt collector then alleges that *B* is liable for *A*'s debt, the debt collector would clearly have a duty under § 1692g(a) to send written notice to *B*.  It would make no sense to hold that the debt collector could meet its obligation under § 1692g(a) by sending written notice only to *A*.

The question, then, is whether PRA knew or reasonably should have known that the "consumer" to whom it was communicating was Harvey Duranseau, not Thomas Duranseau.  The record does not permit the Court to grant summary judgment to either party on this issue.  The first call that Duranseau claims to have received about the debt is documented in one of PRA's internal notes.  ECF No. 105 ¶¶ 3-4, Ex. A.  (Apparently, any recording of that call was not kept because the call lasted fewer than 60 seconds. Privette Decl. at 29-31.)  The note is cryptic because it consists largely of abbreviations

and shorthand.  The note says that the person on the phone was "immediately irate, yelling [and] s[ai]d that he was relative and atty for [the debtor] . . . just very upset, s[ai]d don't call there again."  ECF No. 105 Ex. A; *see also* Privette Decl. at 40-42, 56-59 (explaining abbreviations).  At the summary-judgment hearing, PRA suggested that this phone call was answered by someone other than Harvey Duranseau.

Later calls do not shed much light on PRA's knowledge of the identity of the person whom it was calling.  At times, Duranseau indicates that he is not Thomas, but because much of what Duranseau says consists of sarcastic, obscenity-laced tirades, it is difficult to say what a reasonable debt collector in PRA's position should have known. A typical conversation—save for the lack of obscenities—is the following:

>     PRA:        Hi Thomas.
>
>     Plaintiff:  Hi Mary.
>
>     PRA:        Hello?
>
>     Plaintiff:  Hello.
>
>     PRA:        Hi, is this Thomas?
>
>     Plaintiff:  Is this Mary?
>
>     PRA:        No, this is not Mary.  Is this Thomas?
>
>     Plaintiff:  Is this Joan?
>
>     PRA:        No, this is not Joan.

Plaintiff: Is this Larry?

PRA: You already asked me if this is Mary. I'm not Mary and I'm not Joan. Thomas, this is Jasmin.

Plaintiff: Oh. Well, I don't know you and this ain't Thomas. Why would you talk on the phone and say "Is Thomas, Thomas?" Don't you know how to identify yourself before you start a conversation?

PRA: Why would you—why would you identify yourself as Thomas? Is that who you are, and then—.

Plaintiff: No.

[cross-talk]

PRA: [—inaudible] conversation. You have a great day sir.

PRA: He said, "Why did you call my—I said Thomas." It's not Thomas. You said you was. You said you were Thomas. I said "Thomas"—[inaudible]

[line disconnected]

ECF No. 106 Ex. 1 at PRAHD0000066 (recording), Ex. 3 at 5-6 (transcript).

Given the confusion in the record—including confusion about when PRA initially contacted Harvey Duranseau—the jury will have to determine whether (and

when) PRA knew or reasonably should have known that the "consumer" with whom it was communicating was not Thomas Duranseau, but Harvey Duranseau.

ORDER

Based on the foregoing, and all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT PRA's motion for summary judgment [ECF No. 97] and Duranseau's motion for partial summary judgment [ECF No. 104] are DENIED as to Duranseau's claim that PRA failed to send him the written notice required by 15 U.S.C. § 1692g(a).

Dated:  February 13, 2015        s/Patrick J. Schiltz
                                                                  Patrick J. Schiltz
                                                                  United States District Judge